Steven P. Small (SBN 39869)
2509 Santa Clara Avenue
Alameda, California 94501
Telephone:  (510) 865-2038
Facsimile:  (510) 523-7877
E-mail:  stevensmall@mac.com

Attorney for Defendants
STEVEN PETER SMALL, as an individual and erroneously sued as the LAW OFFICES OF STEVEN P. SMALL; ROBERT VON FELDEN; ECO–FIBER SOLUTIONS, INC., a California Corporation; NVS GROUP–DISPLAY INNOVATIONS, INC., a Delaware Corporation, also known as NVS GROUP–DISPLAY PACKAGING INNOVATIONS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. RITTER,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVEN PETER SMALL; LAW OFFICES OF STEVEN P. SMALL; ROBERT VON FELDEN; ECO–FIBER SOLUTIONS, INC., a California Corporation; NVS GROUP–DISPLAY INNOVATIONS, INC., a Delaware Corporation, also known as NVS GROUP–DISPLAY PACKAGING INNOVATIONS; AND DOES 1 THROUGH 100,<br><br>    Defendants. | No.  **CV 08-3074 JCS**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>COMPLAINT FILED: June 25, 2008<br><br>DATE:      Friday, September 26, 2008<br><br>TIME:      9:30 a.m.<br><br>COURT:   Courtroom A, 15th Floor |

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on Friday, September 26, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above–referenced court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendants STEVEN PETER SMALL ("SMALL"), as an individual and erroneously sued as the LAW OFFICES OF STEVEN P. SMALL ("L/O SMALL"), ROBERT VON FELDEN ("VON FELDEN"), ECO–FIBER SOLUTIONS, INC. ("EFS") and NVS GROUP–DISPLAY INNOVATIONS, INC. also known as NVS GROUP–DISPLAY PACKAGING

-i-

INNOVATIONS (collectively, "NVS") (all entities here named collectively referred to as "Defendants") will move the court to dismiss the action pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

DEFENDANTS make this motion because Plaintiff's complaint fails to state a claim upon which relief can be granted, on the grounds that:

1. Plaintiff's First Claim for Relief has not sufficiently pled the requisite elements of an action brought under the Private Securities Litigation Reform Act of 1995 (15 USC § 78u–4(b)) ("PSLRA").

2. Plaintiff's First Claim for Relief has not sufficiently pled scienter under the PSLRA.

3. Plaintiff has not pled that any Defendant's statement was in connection with a purchase or sale of securities.

4. Plaintiff's Second Claim for Relief fails because the securities are exempt from Federal registration.

5. If Plaintiff's First and Second Federal Claims for Relief fail, then all remaining Claims for Relief being based on State law should be dismissed without prejudice.

6. Plaintiff's Third, Fourth & Fifth Claims for Relief fail because the securities are exempt from state registration; Plaintiff has failed to plead the scienter required to allege a violation of the California Corporate Securities Law; Plaintiff has failed to plead all necessary elements of fraud under California law; Plaintiff has failed to plead all necessary elements of negligent misrepresentation under California law; and the Defendants erroneously sued as the Law Offices of Steven P. Small and Defendant NVS should be dismissed under the holding of *Stoneridge Investment Partners*.

The motion will be based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers filed herein, and such oral argument and other matters as the Court may allow.    Dated: 13 August 2008

By: _____
Steven P. Small, Attorney for Defendants STEVEN PETER SMALL, as an individual and erroneously sued as the LAW OFFICES OF STEVEN P. SMALL; ROBERT VON FELDEN; ECO–FIBER SOLUTIONS, INC., a California Corporation; NVS GROUP–DISPLAY INNOVATIONS, INC., a Delaware Corporation, also known as NVS GROUP–DISPLAY PACKAGING INNOVATIONS.

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## TABLE OF CONTENTS                                                                 Page

STATEMENT OF ISSUES TO BE DECIDED ............................................................... 4

SUCCINCT STATEMENT OF RELEVANT FACTS ................................................... 4

ARGUMENT ..................................................................................................................... 6

    I.    General Standards on a Motion to Dismiss .................................................. 6

    II.   Plaintiff Has Not Sufficiently Pled the Requisite Elements
         of an Action Brought Under The Private Securities Litigation
         Reform Act of 1995 (15 USC § 78u–4(b)). ................................................. 6

    III.  Plaintiff Has Not Sufficiently Pled Scienter Under The Private
         Securities Litigation Reform Act of 1995 (15 USC § 78u–4(b)(2)) ........... 8

    IV.  Plaintiff Has Not Plead that Any Defendant Statement
         was In Connection With A Purchase or Sale ............................................. 10

    V.   The Law Office of Steven P. Small and NVS Must Be Dismissed ............ 11

    VI.  Plaintiff's Second Claim for Relief Fails Because the Securities
         are Exempt from Federal Registration ....................................................... 11

    VII. If Plaintiff's First and Second Federal Claims for Relief Fail,
         The State Matters Should Be Dismissed With Prejudice ........................... 12

    VIII. Plaintiff's Third Claim for Relief Fails Because The Securities
         Are Exempt from State Registration .......................................................... 12

    IX.  Plaintiff has Failed to Plead the Scienter Required to Allege
         a Violation of the California Corporate Securities Law ........................... 13

    X.   Plaintiff has Failed to Plead all Necessary Elements of Fraud
         Under California Law ................................................................................ 14

    XI.  Plaintiff has Failed to Plead all Necessary Elements of
         Negligent Misrepresentation Under California Law ................................. 14

CONCLUSION ................................................................................................................ 15

---

[1] In accord with Local Rule 7-2(b), Defendants here submit "[i]n one filed document the notice of motion and the points and authorities in support of the motion." This document, exclusive of the pages utilized for the table of contents and table of authorities required by Local Rule 7-4(a)(2), does not exceed 25 pages in length.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page

*Cases*

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007) .................................................. 15

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................. 15

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957) ............................................... 6

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) .......................................................................... 4, 7

*Howard v. Everex Sys., Inc.*, 228 F. 3d 1057 (9th Cir. 2000) .................................. 10

*Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 26 Cal. Rptr. 2d 8, 864 P. 2d 88 (Cal. 1993) ........ 14

*In re Eagle Bldg. Techs., Inc. Sec. Litig.*, 221 F.R.D. 582 (S.D. Fla. 2004) ..................... 7

*In re GlenFed, Inc. Secur. Litig.*, 42 F3d 1541 (en banc) (9th Cir. 1994) ........................ 8

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999) ......................... 9, 10

*In re Vantive Corp. Secur. Litig.*, 283 F. 3d 1079 (9th Cir. 2002) ............................... 8

*Lauri S. Batwin, etc.; et al. v. Occam Networks, Inc., et al.*, 2008 U.S. Dist. LEXIS 52365, (C.D. Cal. 2008) ..................................................... 7

*Lazar v. Sup.Ct. (Rykoff–Sexton, Inc.)* 12 Cal. 4th 631, 49 Cal. Rptr. 2d 377 (Cal. 1996) ......... 14

*Livid Holdings Ltd. v. Salomon Smith Barney*, 416 F. 3d 940 (9th Cir. 2005) ..................... 10

*Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) .................................................. 6

*People v. Simon*, 9 Cal. 4th 493 (Cal. 1995) ................................................. 13, 14

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 22 Cal. Rptr. 3d 352 (Cal. 2004) ........................................................... 14

*Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 132 Cal. Rptr. 2d 635 (Cal. Ct. App. 2003) ..................................................... 15

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................. 6, 15

*Stoneridge Investment Partners, LLC v. Scientific–Atlanta, Inc., et al.*, ___ U.S. ___; 128 S. Ct. 761; 169 L. Ed. 2d 627 (2008) .......................................... ii, 4, 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ___ U.S. ___, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ...................................................................... 6, 9

*W. Mining Council v. Watt*, 643 F. 2d 618 (9th Cir. 1981) ....................................... 15

*Rules*

Federal Rule of Civil Procedure 12(b)(6) ........................................................ ii, 6

*Statutes*

| | |
|---|---|
| 15 USC § 77c | 4, 11 |
| 15 USC § 78u-4(b) | 6, 7 |
| 15 USC § 78u–4(b)(1) | 8, 9 |
| 15 USC § 78u–4(b)(1)(B) | 6 |
| 15 USC § 78u–4(b)(2) | 7, 9 |
| 28 USC § 1447(c) | 12 |
| California Corporations Code Section 25102 | 13 |
| California Corporations Code Section 25110 | 12 |

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff has sufficiently pled the requisite elements of a claim for relief brought under The Private Securities Litigation Reform Act of 1995 (15 USC § 78u–4(b)) ("PSLRA") as required by *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341–342, 345–346 (2005).

2. Whether Plaintiff has sufficiently alleged *scienter* by stating with particularity facts giving rise to a strong inference that the Defendants acted with the required state of mind to state a Federal claim for relief.

3. Whether Plaintiff has pled that any Defendant's statements were in connection with a purchase or sale.

4. Whether the Defendant erroneously sued as the Law Office of Steven P. Small and Defendant NVS should be dismissed under the holding of *Stoneridge Investment Partners, LLC v. Scientific–Atlanta, Inc., et al.*, ___ U.S. ___; 128 S. Ct. 761, 769; 169 L. Ed. 2d 627 (2008).

5. Whether the securities are exempt from Federal registration under 15 USC § 77c.

6. Should this court grant the Motion to Dismiss as to the Federal claims for relief the entire petition should be dismissed as there would be no Federal jurisdiction; and if the Motion to Dismiss the Federal claims is not granted, then the following questions would remain: Whether the securities are exempt from State registration under California Corporations Code section 25102(f); Whether Plaintiff has sufficiently alleged *scienter* by stating with particularity facts giving rise to a strong inference that the Defendants acted with the required state of mind to state a state claim for relief; Whether Plaintiff has sufficiently pled the elements of fraud under California law; and Whether Plaintiff has sufficiently pled the elements of negligent misrepresentation under California law.

## SUCCINCT STATEMENT OF RELEVANT FACTS

1. After a long number of years and much investigation and trial and error, VON FELDEN invented a proprietary and patentable chemical treatment for water-resistant, non-wicking paper for use in multiple markets in any circumstances where cost-effective waterproof packaging was desired. The invention had the added benefit of being biodegradable, recyclable, repulpable, nontoxic in its fresh and degraded state, and did not emit toxins when burned, buried, or stored. In addition, it

made no use of petroleum products and could be fully integrated into the existing manufacturing and production systems for paper coating in the paper container and corrugated box industries.

2. On or about August 27, 2007, SMALL and VON FELDEN incorporated the entity known as EFS to market this treatment. Because EFS, as with any startup, would require operating capital, SMALL and VON FELDEN sought to identify suitable investors and at some point were introduced to Plaintiff on or about January 15, 2008.

3. On February 20, 2008, in EFS' Alameda offices, Plaintiff met with Defendants SMALL and VON FELDEN for the second time to discuss the possibility of Plaintiff providing financing for EFS. Plaintiff invited only Defendant VON FELDEN to dinner that night, and there proposed investing $5 million in EFS on an "as needed" basis over 12 months. All representations to Plaintiff to this point were only oral, and true to the best of SMALL and VON FELDEN's knowledge. Nothing was presented to Plaintiff in writing. Plaintiff and VON FELDEN arranged to meet at EFS' offices the following day.

4. Plaintiff drafted a Memorandum of Understanding ("MOU") setting forth the basic parameters of the agreement and presented the MOU to SMALL and VON FELDEN at the meeting on February 21, 2008. SMALL made a minor change to the MOU, and Plaintiff and VONFELDEN both signed the MOU. See Exhibit 1 attached hereto and incorporated herein by this reference. At no time was any stock sold to Plaintiff, for the MOU contemplated stock to be sold only after the corporation received Plaintiff's $5 million investment.

5. EFS believed that the MOU obligated Plaintiff to invest approximately $400,000 per month in EFS to assist in the startup phase. From February 21 to May 4, 2008, Plaintiff advanced a total of $400,000, and based upon information and belief he then apparently ran out of funds. When Plaintiff failed to make further investments of his own initiative, SMALL and VONFELDEN repeatedly asked Plaintiff to fulfill his obligations under the MOU.

6. Instead of advancing further funds, Plaintiff advanced excuse after excuse (such as the wire transfer was "lost" by the bank), became increasingly agitated, demanding more and more information, which was provided to him as expeditiously as possible. After Plaintiff admitted to Defendant    VONFELDEN that Plaintiff had in fact ran out of funds, he filed this lawsuit.

5

# ARGUMENT

## I. General Standards on a Motion to Dismiss

In considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957).

## II. Plaintiff Has Not Sufficiently Pled the Requisite Elements of an Action Brought Under The Private Securities Litigation Reform Act of 1995 (15 USC § 78u-4(b)).

Plaintiff's first claim for relief entitled "Securities Fraud Under Section 10(b), 1934 Act" (Complaint, p. 15:1-22) is defective in that it does not sufficiently allege the requisite elements of this claim for relief.

Plaintiff alleges that Defendants violated 15 USC § 78j(b) (Section 10(b)) and 17 CFR § 240.10b-5 (Rule 10b-5) Complaint, pp. 14:15-19; 15:18-20. The United States Supreme Court has recognized that "private securities fraud actions" such as this one "can be employed abusively to impose substantive costs on companies and individuals whose conduct conforms to the law." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* ___ U.S. ___, 127 S.Ct. 2499, 2504 (2007). To combat the potential for such abuses, "[e]xacting pleading requirements are among the control measures Congress included in the PSLRA." *Id.* Specifically, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the complaint "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). If an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.' 15 U.S.C. § 78u-4(b)(1). In other words, Plaintiffs must state with particularity "the facts constituting the alleged violation." *Tellabs*, 127 S.Ct. at 2504. The Complaint ignores these specific pleading requirements.

The elements of a claim under the PSLRA are: (1) a material misrepresentation or omission, (2) scienter, i.e., a wrongful state of mind, (3) a connection to the purchase or sale of a

security, (4) reliance, (5) economic loss, and (6) loss causation, i.e., a causal connection between the material misrepresentation and the loss. *Dura Pharms., Inc. v. Broudo, supra,* 544 U.S. at 341-42.

The Congressionally-mandated stricter pleading requirements for a private damages action mean that "[u]nder the PSLRA, private actions based on allegations of material misstatements or omissions must 'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.' 15 U.S.C. § 78u-4(b)(1). In addition, the PSLRA imposes strict requirements for pleading scienter in actions brought pursuant to Section 10(b) and Rule 10b-5, requiring that the complaint 'state with particularity facts giving rise to a strong inference that the Defendant acted with the required state of mind.' 15 U.S.C. § 78u-4(b)(2)." *Lauri S. Batwin, etc.; et al. v. Occam Networks, Inc., et al.,* 2008 U.S. Dist. LEXIS 52365, 23-24 (C.D. Cal. 2008).

In addition, as Plaintiff alleges fraud (Complaint, p. 15:2, 10-12), his allegations under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *In re Eagle Bldg. Techs., Inc. Sec. Litig.,* 221 F.R.D. 582, 585 (S.D. Fla. 2004).

However, Plaintiff has only made general, broad-brush allegations that are unspecific and thus vague in that he has not identified the time and place of each alleged misrepresentation or omission nor has he identified the allegedly responsible person in either set of allegations. For example, the first such set of allegations is contained in paragraph 18 of Plaintiff's complaint. (Complaint, pp. 5:4–10:6.) What follows is a litany of alleged misrepresentations, virtually none of which specify the time, place, or person involved. This type of pleading does not satisfy the pleading standards set forth in the PSLRA, let alone those required by Fed. R. Civ. Pro. 9(b).

The same observation regarding Plaintiff's broad-brushed non-specificity applies to Plaintiff's second set of alleged misrepresentations as well. (Complaint, pp. 10:9–12:20.) Again, Plaintiff only alleges a generalized time, place, and person as to each allegation: "During the period following February 21, 2008, SMALL and VON FELDEN made the following misrepresentations to Plaintiff, principally at the Law Offices of Steven P. Small, in Alameda, California, to induce Plaintiff to

continue to invest[.]" (Complaint, p. 11:9–11.) This type of pleading also fails to satisfy the PSLRA and Fed. R. Civ. Pro. 9(b).

Defendants' motion as to Plaintiff's first claim for relief should be granted on this basis alone.

If, for some reason, Plaintiff's vagueness in pleading the alleged fraud is insufficient in itself to warrant granting the motion to dismiss, an additional reason the motion should be granted is that Plaintiff has failed to explain the reason or reasons why each alleged statement or omission was misleading. 15 USC § 78u–4(b)(1). *In re GlenFed, Inc. Secur. Litig.*, 42 F3d 1541, 1548 (en banc) (9th Cir. 1994). This also relates to the issue of scienter, because the PSLRA's heightened standard for pleading scienter "naturally results in a stricter standard for pleading falsity, because falsity and scienter in private securities fraud cases are generally strongly inferred from the same set of facts, and the two requirements may be combined into a unitary inquiry under the PSLRA." *In re Vantive Corp. Secur. Litig.*, 283 F. 3d 1079, 1091 (9th Cir. 2002) (internal quotes omitted).

What Plaintiff has done, for the most part, is to plead certain facts or alleged facts, and then to construe what is, at times, the most tortuous of potential meanings, or a meaning that is decidedly a *non sequitur* from the allegations. In addition, Plaintiff has failed to allege specifically who made any statement, when was it made, and where it was made. Even assuming the factual allegations to be true, Plaintiff has still fails to cogently or persuasively explain why the allegations were misleading or how Plaintiff has suffered any loss at all.

Plaintiff has fallen woefully short of sufficiently pleading misstatements sufficient to constitute a claim for relief against any or all of the Defendants under the PSLRA. His allegations are vague and ambiguous and, in places, self-contradictory. Plaintiff's claims for relief fail and Defendants' motion should be granted.

### III. Plaintiff Has Not Sufficiently Pled Scienter Under The Private Securities Litigation Reform Act of 1995 (15 USC § 78u–4(b)(2)).

Under the PSLRA, the Plaintiff must also sufficiently plead scienter, which he has not done. Plaintiff's direct allegations of scienter are no more than boilerplate language copied and pasted into his complaint:

8

> SMALL and VON FELDEN acted intentionally or with reckless disregard for whether the statements were true or false in the misrepresentations alleged above and in the failures to disclose material facts they were under a duty to disclose.
>
> In addition to the misrepresentations set forth above, Defendants SMALL and VON FELDEN failed to disclose and omitted to state material facts that they were under a duty to disclose or that were necessary to make the other statements they had made, in light of the circumstances in which they were made not misleading.
>
> Defendants SMALL and VON FELDEN's conduct constituted such extreme departures from the standards of ordinary care, and was so obvious, that each must have been aware that he was misleading Plaintiff.

Complaint, pp. 13:22-14:3.

These are precisely the type of conclusionary assertions that have been found to be insufficient to allege scienter. *In re Advanta Corp. Secur. Litig.*, 180 F. 3d 525, 539 (3rd Cir. 1999).

The PSLRA requires that "the complaint shall state with particularity facts giving rise to a strong inference that the Defendant acted with the required state of mind." 15 USC § 78u–4(b)(2). The Ninth Circuit holds that the Act has elevated the pleading standard for scienter even higher, requiring factual allegations in "great detail" establishing "strong circumstantial evidence of deliberately reckless or conscious misconduct." *In re Silicon Graphics Inc. Secur. Litig.*, 183 F. 3d 970, 974 (9th Cir. 1999).

The recent Supreme Court decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* repeated and reaffirmed the established law that the PSLRA "requires a Plaintiff to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.*, the Defendant's intention 'to deceive, manipulate, or defraud.' *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194, 96 S. Ct. 1375, 47 L. Ed. 2d 668, and n. 12 (1976)*; see 15 U.S.C. § 78u-4(b)(1), (2).*" *Tellabs, Inc. v. Makor Issues & Rights, Ltd., supra,* 127 S. Ct. at 2504. But this case did more than to simply repeat and reaffirm existing law. It clarified what constitutes a "strong inference" of scienter.

"To determine whether the Plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible non-culpable explanations for the Defendant's conduct, as well as inferences favoring the Plaintiff." *Tellabs, Inc. v. Makor Issues & Rights, Ltd., supra,* 127 S. Ct. at 2510. Furthermore, "the inference of scienter must be more than merely 'reasonable' or 'permissible' — it must be cogent and compelling, thus strong in light of other explanations. A complaint will survive, we hold, only if a reasonable person would deem the inference

9

of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.*

Scienter may also be established by showing deliberate recklessness (*Livid Holdings Ltd. v. Salomon Smith Barney*, 416 F. 3d 940, 948 (9th Cir. 2005)), which is "'an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers … that is either known to the Defendant or is so obvious that the actor must have been aware of it.'" *Howard v. Everex Sys., Inc.*, 228 F. 3d 1057, 1063 (9th Cir. 2000) (quoting *Hollinger v. Titan Cap. Corp.*, 914 F. 2d 1564, 1569 (9th Cir. 1990)). Plaintiff herein just listed legal conclusions, no facts to be found.

To the extent that Plaintiff may argue that scienter has been pled and alleged throughout, Defendants refer the Court to the Complaint's serious shortfalls in attempting to plead material misrepresentations. Plaintiff has not provided factual allegations in the required "great detail" establishing "strong circumstantial evidence of deliberately reckless or conscious misconduct." *In re Silicon Graphics Inc. Secur. Litig., op. cit.* Instead, all of Defendants' actions and statements can be reasonably seen as the normal actions or statements of a startup corporation seeking private financing and dealing with all the vagaries of the initial stages of such a corporation.

Plaintiff's allegations of scienter are vague, insufficient, and there are at least equally compelling innocent inferences that may be drawn from the facts he has alleged. Plaintiff's first claim for relief fails and Defendants' motion should be granted.

**IV.    Plaintiff Has Not Pled That Any Defendant Statement Was In Connection With A Purchase Or Sale.**

Section 10(b) prohibits misrepresentations "in connection with the purchase or sale of any security." 15 U.S.C. § 78j. Plaintiff's entire complaint ignores that a major condition precedent had to be satisfied before they obtained stock in EFS: the investment of $5 million dollars by Plaintiff. There are no allegations that stock was issued to Plaintiff because no stock was ever issued; only contemplated. The parties' written MOU does not provide for the immediate issuance of stock, and Plaintiff's failure to link any misstatement by any Defendant with a subsequent purchase of EFS securities ignores the most basic requirement of a Section 10(b) claim—that the misrepresentation was made in connection with his purchase of stock.

### V. The Law Office of Steven P. Small and NVS Must Be Dismissed.

In addition to insufficiently pleading the first claim for relief as to all Defendants, Plaintiff has not pled a case as against the Defendant erroneously sued as the Law Office of Steven P. Small and Defendant NVS. "The *§ 10(b)* implied private right of action (the PSLRA) does not extend to aiders and abettors. The conduct of a secondary actor must satisfy each of the elements or preconditions for liability ... ." *Stoneridge Investment Partners, LLC v. Scientific–Atlanta, Inc., et al.*, ___ U.S. ___; 128 S. Ct. 761, 769; 169 L. Ed. 2d 627 (2008).

Plaintiff has not alleged that either L/O SMALL or NVS made any oral misstatements or omissions or that he relied upon any written statement issued by either of these Defendants. All that he does is, in his Fifth Claim for Relief, summarily allege that "In that Defendant SMALL was a licensed attorney and used the Law Offices of Steven P. Small to perpetrate the scheme, Plaintiff justifiably relied on Defendants' material misrepresentations and material omissions." Complaint, p. 19:18-20. Plaintiff does not allege any facts as to how SMALL "used" the L/O SMALL or that the L/O SMALL issued any statements. Furthermore, neither Defendant, to the extent that they may have had information, had any duty to disclose any of that information to Plaintiff. As a result, Plaintiff has not shown reliance upon any statement or omission or action of L/O SMALL or NVS, nor can he. Accordingly, these Defendants should be dismissed with prejudice. *Stoneridge, op. cit.*

### VI. Plaintiff's Second Claim for Relief Fails Because the Securities are Exempt from Federal Registration.

Plaintiff's second claim for relief alleges that Defendants violated Section 12(a)(1) of the Securities Act (15 USC § 77*l*). Complaint, p. 16:1-27. However, the securities involved with EFS were an intrastate offering, and thus exempt from the requirements of Section 12(a)(1).

15 USC § 77c provides the relevant exemption as follows:

> Classes of securities under this title (a) Exempted securities. Except as hereinafter expressly provided, the provisions of this title [15 USCS §§ 77a et seq.] shall not apply to any of the following classes of securities:
> ...
> (11) Any security which is a part of an issue offered and sold only to persons resident within a single State or Territory, where the issuer of such security is a person resident and doing business within or, if a corporation, incorporated by and doing business within, such State or Territory.

Plaintiff has failed to establish a *prima facie* case that the securities are not exempt from registration. All of the facts that Plaintiff has alleged show that EFS, SMALL, VON FELDEN, and Plaintiff himself were residents of the State of California at all relevant times. Complaint, p. 2:2, 3-5, 8-9, 10-12.

Although Plaintiff alleges that SMALL and VON FELDEN traveled to Boston, London, England, and Brussels, Belgium, and engaged in telephone and e-mail transmissions across state lines, Plaintiff never alleges that any securities were sold or even offered to non-residents of California in any of this activity.

Plaintiff's second claim for relief fails and Defendants' motion should be granted.

### VII. If Plaintiff's First and Second Federal Claims for Relief Fail, The State Matters Should Be Dismissed.

Plaintiff's first and second claim for relief alleging Federal Securities law violations are the only ones in Plaintiff's complaint invoking Federal subject matter jurisdiction. As both of these claims for relief are spurious and fatally flawed, and it is fairly apparent that Plaintiff will *not* be able to amend them to become valid claims for relief, then the only claims for relief remaining are based upon state law. As such, 28 USC § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Defendants request the Court dismiss all of the state law claims if there is no basis for Federal subject matter jurisdiction

### VIII. Plaintiff's Third Claim for Relief Fails Because The Securities Are Exempt from State Registration.

Plaintiff's state law claims fare no better than his federal claims do. His third claim for relief alleges sale of securities in violation of California's qualification requirement. Complaint, p. 17:1-25 He alleges violation of California Corporations Code sections 25110 and 25130. Complaint, p. 17:18-19.

However, as with the second claim for relief where there is a Federal exemption for the securities in question, there are likewise California statutory exemptions to the registration requirements that exempt the securities in this case. California Corporations Code Section 25110 states, in relevant part: "It is unlawful for any person to offer or sell in this state any security in an

issuer transaction … unless such security or transaction is exempted or not subject to qualification under Chapter 1 (commencing with Section 25100) of this part.

California Corporations Code Section 25102 reads:

The following transactions are exempted from the provisions of Section 25110:

…

(f) Any offer or sale of any security in a transaction (other than an offer or sale to a pension or profit-sharing trust of the issuer) that meets each of the following criteria:
    (1) Sales of the security are not made to more than 35 persons, including persons not in this state.
    (2) All purchasers … by reason of their business or financial experience or the business or financial experience of their professional advisers who are unaffiliated with and who are not compensated by the issuer or any affiliate or selling agent of the issuer, directly or indirectly, could be reasonably assumed to have the capacity to protect their own interests in connection with the transaction.

Plaintiff has not alleged any facts that would remove EFS' securities from this exemption. He has not alleged that there are more than 35 purchasers of the security nor has he alleged that any of the purchasers did not have the capacity to protect their own interests. Plaintiff's third claim for relief fails and Defendants' motion should be granted.

## IX.     Plaintiff has Failed to Plead the Scienter Required to Allege a Violation of the California Corporate Securities Law.

Plaintiff's Fourth Claim for Relief alleges violation of California Corporations Code Section 25501. Complaint, p. 18:1-26. That statute reads, in relevant part: "Any person who violates Section 25401 shall be liable to the person who purchases a security from him or sells a security to him … unless the Defendant proves that the Plaintiff knew the facts concerning the untruth or omission or that the Defendant exercised reasonable care and did not know (or if he had exercised reasonable care would not have known) of the untruth or omission. …." In other words, scienter is required to prove a violation of this section.

Corporations Code Section 25401, which is referenced in section 25501, prohibits the use of "untrue statement[s] of material fact" or an omission in the offer or sale of a security. In *People v. Simon*, 9 Cal. 4th 493 (Cal. 1995), the California Supreme Court extensively scrutinized this section and determined that it, too, imposed a scienter requirement for the imposition of civil liability:

[In] a civil action by an injured investor, the Legislature did expressly provide that recovery of damages was permissible only if the offeror was aware, or with reasonable care would have been aware, that statements by which the sale was made were false or misleading.

*People v. Simon, supra,* 9 Cal. 4th at 516.

Thus, both California Corporations Code sections 25501 and the section that it references, 25401, require an adequate pleading of scienter to state a valid claim for relief. As argued above, Plaintiff has failed to do so, instead, setting forth only vague and ambiguous allegations that permit at least equally compelling innocent inferences as the nefarious ones he alleges.

Plaintiff's fourth claim for relief fails and Defendants' motion should be granted.

### X. Plaintiff has Failed to Plead all Necessary Elements of Fraud Under California Law.

Here, as in his other claims for relief, Plaintiff's failure to have sufficiently pled facts is fatal to his cause. His fifth claim for relief alleges common law fraud. Complaint, pp. 19:1-20:2. The elements of fraud under California law are: "(a) misrepresentation; (b) Defendant's knowledge of the statement's falsity; (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e) resulting damage." *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1184, 26 Cal. Rptr. 2d 8, 864 P. 2d 88 (Cal. 1993) (citing Cal. Civ. Code § 1709).

The particularity requirement necessitates pleading *facts* that "show *how, when, where, to whom, and by what means* the representations were tendered." *Lazar v. Sup.Ct. (Rykoff–Sexton, Inc.)* 12 Cal. 4th 631, 645, 49 Cal. Rptr. 2d 377, 385 (Cal. 1996); *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993, 22 Cal. Rptr. 3d 352, 362 (Cal. 2004) (emphasis added). And when the allegation is that a corporation committed fraud, Plaintiff must also allege the speaker's authority to speak for the corporation. *Lazar v. Sup.Ct., op. cit.*

Here, Plaintiff has neither pled the particular facts related to the alleged misrepresentations or related to Defendants' scienter with the needed particularity.

Plaintiff's fifth claim for relief fails and Defendants' motion should be granted.

### XI. Plaintiff has Failed to Plead all Necessary Elements of Negligent Misrepresentation Under California Law.

Plaintiff's sixth claim for relief alleges negligent misrepresentation. Complaint, p. 20:3-22. Under California law, "[t]he elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the

14

1 misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners,*
2 *LLC,* 158 Cal. App. 4th 226, 70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007); *Shamsian v. Atl. Richfield Co.,*
3 107 Cal. App. 4th 967, 983, 132 Cal. Rptr. 2d 635 (Cal. Ct. App. 2003).

4     Plaintiff's failure to have sufficiently pled facts has lasting repercussions. As such, there are
5 insufficient allegations of misrepresentations, of Defendants' knowledge and of Defendants' scienter.
6 The Complaint also does not make sufficient allegations of the timing of the alleged mis-
7 representations nor demonstrate how those alleged misrepresentations were relied upon in the
8 purchase or acquisition of the subject securities.

9     Plaintiff's sixth claim for relief fails and Defendants' motion should be granted.

## CONCLUSION

11     Plaintiff's Complaint does not come close to satisfying the requirements for pleading a Section
12 10(b) claim against anyone. The Complaint fails to meet the clearly established pleading standards
13 applicable to its claims for relief. Allegations of fraud, which underlie virtually all claims, are vague.
14 They do not state with the requisite specificity who made any of the alleged misrepresentations, when
15 they were made, where they were made, in what manner they were misrepresentations, or the nature of
16 Plaintiff's reliance upon those misrepresentations.

17     Plaintiff's complaint is simply a formulaic recitation of the elements of his various claims for
18 relief. This is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929
19 (2007). In addition, Plaintiff has drawn unreasonable inferences or made conclusory legal allegations
20 cast in the form of factual allegations in order to try to support his claims. This, too, is insufficient.
21 *Sprewell v. Golden State Warriors,* 266 F. 3d 979, 988 (9th Cir. 2001); *W. Mining Council v. Watt,*
22 643 F. 2d 618, 624 (9th Cir. 1981).

23     Defendants respectfully request the Court to grant this Motion to Dismiss.

24 Dated: August 13, 2008 *[signature]*

25 By: _____

26 Steven P. Small, Attorney for Defendants STEVEN PETER SMALL, as an individual and erroneously sued as the LAW OFFICES OF STEVEN P. SMALL; ROBERT VON FELDEN;
27 ECO–FIBER SOLUTIONS, INC., a California Corporation; NVS GROUP–DISPLAY INNOVATIONS, INC., a Delaware Corporation, also known as NVS GROUP–DISPLAY
28 PACKAGING INNOVATIONS.

## CERTIFICATE OF SERVICE

☒ I hereby certify that on August 13, 2008, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Raymond N. Stella Erlach, rerlach@rayerlach.com

☒ I hereby certify that on August 14, 2008, I arranged for the service on August 15, 2008 of the attached document by hand delivery to the Chambers of Judge Joseph C. Spero, Magistrate Judge, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, as well as the clerk of Courtroom A, 15th Floor, same address.

Dated: 14 August 2008

By: *[signature]*
Kimberly A. Olwin-Zhao

Kimberly A. Olwin-Zhao
3741 Judah Street
San Francisco CA 94122

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1
# to Motion to Dismiss
# (MOU)

# Memorandum of Understanding

This **Memorandum Of Understanding** (this "MOU") is entered into as of February 21, 2008 between Eco-Fiber Solutions, a California corporation, (hereinafter, "Company"), and Terry L. Ritter (hereinafter, "Investor") with reference to the following:

| | |
|---|---|
| Board Member Seats: | 2 Seats - Permanent  *out of four* TLR |
| Business Consultant: | Mr. Marc Vogel<br>Monthly salary to be mutually acceptable |
| Employment Agreements: | Company to prepare mutually acceptable employment contracts for all Company employees, including, but not limited to: salary, benefits, and Company stock options. |
| Worldwide Operations: | Investor to establish: Eco-Fiber Solutions, International (EFSI) EFSI shall be authorized to distribute Company products outside of North America and to certain industries worldwide. Company shall receive 25% of net product sales. |
| Equity Ownership: | 45% of Company stock |
| Total Investment: | $5,000,000 USD |
| Investment Terms: | $100,000 upon MOU execution |
| | Balance to be paid to Company within next 12 months on a mutually acceptable "use of funds" basis. |
| Stock Registration: | Investor's stock shall be registered at Company's expense concurrently with first registration rights of any other Company stock or prior to Company's initial public offering. |

This MOU is understood, accepted, and binding upon all parties.

By:   Eco-Fiber Solutions

_[signature]_
Mr. Robert Von Felden, President

By:   Investor

_[signature]_
Mr. Terry L. Ritter, individual

EXHIBIT 1