United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. RITTER,<br><br>       Plaintiff,<br><br>  v.<br><br>STEVEN PETER SMALL; LAW OFFICES OF STEVEN P. SMALL; ROBERT VON FELDEN; ECO-FIBER SOLUTIONS, INC., a California Corporation; NVS GROUP-DISPLAY INNOVATIONS, INC., a Delaware Corporation, also known as NVS GROUP-DISPLAY PACKAGING INNOVATIONS; AND DOES 1 THROUGH 100,<br><br>       Defendants. | Case No. 08-3074 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' <u>MOTION TO DISMISS</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss ("Motion") by the defendants Steven Peter Small ("Small"), the Law Offices of Steven P. Small ("Law Offices"), Robert Von Felden ("Von Felden"), Eco-Fiber Solutions, Inc. ("Eco-Fiber"), NVS Group-Display Innovations, Inc. ("NVS") (collectively, "Defendants"). Docket No. 11. The plaintiff Terry L. Ritter ("Plaintiff" or "Ritter") filed an Opposition and the Defendants submitted a Reply. Docket Nos. 24, 25. For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

The present action arises out of the alleged efforts by Defendants Small and Von Felden to induce Plaintiff to agree to pay $5,000,000 over 12 months to purchase 45% of the stock in the company Eco-Fiber. Compl. ¶ 11. Plaintiff allegedly paid a total of $400,000 of the $5,000,000 to Defendants before filing this lawsuit. Id. ¶ 18e. The alleged misrepresentations began February 20, 2008. Id. ¶ 13.

Eco-Fiber was incorporated in August of 2007 and uses the law office of Defendant Small for its offices. Id. ¶ 4. Von Felden is listed as the President of Eco-Fiber. Compl. Ex. A, Memorandum of Understanding ("MOU"). According to Plaintiff's allegations, Von Felden and Small misrepresented to Plaintiff that Von Felden had assigned to Eco-Fiber proprietary and patentable chemical treatments for water-resistant, non-wicking paper for use in multiple markets, including food, frozen food, fresh fish, etc. Compl. ¶ 18a. In addition, Plaintiff alleges that, although Defendants Small and Von Felden told Plaintiff that the money he invested in the company would be used for bona fide post-investment costs, including the marketing of Eco-Fiber to major industry companies, Plaintiff's capital was actually used to pay personal expense items of Defendants, including Defendant Small's daughter's cell phone bill. Id. ¶ 18b.

Based on these and other allegations, Plaintiff filed suit in this Court under the following causes of action: (1) securities fraud under section 10b of the Securities and Exchange Act of 1934 ("Securities Act"); (2) the offer and sale of unregistered

2

1  securities in violation of section 12(a)(1) of the Securities Act;
2  (3) the sale of securities in violation of the California
3  qualification requirement of California Corporations Code Sections
4  25110 and 25130; (4) material representation in securities
5  transaction under California corporate securities law, California
6  Corporations Code Section 25501; (5) common law fraud; (6)
7  negligent misrepresentation; (7) conversion of Plaintiff's money;
8  (8) injunctive relief; and (9) declaratory relief.

### III. **LEGAL STANDARDS**

#### A.   **Motion to Dismiss**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "[F]aced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true." Tellabs, Inc. v. Makor Issues & Rights, LTD., 127 S. Ct. 2499, 2509 (2007).  All reasonable inferences are to be drawn in favor of the plaintiff.  Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  Unreasonable inferences or conclusory legal allegations cast in the form of factual allegations, however, are insufficient to defeat a motion to dismiss.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

1   1981).

2   **B.    Private Securities Litigation Reform Act ("PSLRA")**

> Section 10(b) of the Securities Exchange Act of 1934 forbids the "use . . . in connection with the purchase or sale of any security . . ., [of] any manipulative or deceptive device or . . . in contravention of such rules and regulations as [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Tellabs, 127 S. Ct. at 2507 (citing 15 U.S.C. § 78j(b)) (alterations and brackets in original).

Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated under the authority of section 10(b), in turn, provides:

> It shall be unlawful for any person . . . (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

The enactment of the PSLRA in 1995 significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity and scienter. In re Daou Systems, Inc., 411 F.3d 1006, 1014 (9th Cir. 2005). Thus, under the PSLRA, a complaint alleging that the defendant made a false or misleading statement must "specify each

4

United States District Court
For the Northern District of California

statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). In addition, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. § 78u-4(b)(2). In the Ninth Circuit this state-of-mind requirement demands that "the complaint . . . allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." Daou Sys., 411 F.3d at 1015.

In addition to the heightened PSLRA pleading standards, "[i]t is well established that claims brought under Rule 10b-5 and section 10(b) must meet the particularity requirements of Federal Rule of Civil Procedure 9(b)." Id. at 1014. Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The basic elements of a Rule 10b-5 claim include the following: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341 (2005).

**IV. DISCUSSION**

When ruling on a 12(b)(6) motion to dismiss a § 10(b) action, courts must consider the complaint in its entirety, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, 127

5

1   S. Ct. at 2509. In the present case, Plaintiff attached to his
2   Complaint an MOU signed by himself and Defendant Von Felden on
3   February 21, 2008. Compl. Ex. A.
4       Defendants' primary argument in favor of dismissal is that
5   Plaintiff has failed to meet the heightened pleading requirements
6   of the PSLRA. Defendants assert that "Plaintiff has only made
7   general, broad-brush allegations that are unspecific and thus
8   vague in that he has not identified the time and place of each
9   alleged misrepresentation or omission nor has he identified the
10  allegedly responsible person in either set of allegations." Mot.
11  at 7. This argument, however, ignores many of Plaintiff's
12  allegations. For example, Plaintiff's Complaint contains the
13  following allegations:

> On February 20, 2008, at Scott's Seafood Restaurant in Walnut Creek, in the presence of [P]laintiff, Shamim Ritter, and Marc Vogel, Von Felden was asked by [P]laintiff how the $5,000,000 cash contribution would be scheduled. Von Felden stated that it would be on an as-needed basis and $250,000 would take [Eco-Fiber] 'through the end of June.'

19  Compl. ¶ 13. Plaintiff further alleges that this $250,000 was not
20  nearly enough to fund Eco-Fiber through June of 2008 and that
21  Small and Von Felden demanded, and received, $400,000 from
22  Plaintiff by May of 2008, some of which was used to pay themselves
23  higher salaries. Id. ¶¶ 18e, 18i.
24      Plaintiff's Complaint also states:

> [O]n February 21, 2008, [P]laintiff, Shamim Ritter, Marc Vogel, Small, and Von Felden met at Small's law offices, and after discussion of the terms and conditions, plaintiff and Von Felden

6

1 |              executed a 'binding' MOU for
2 |              [P]laintiff's investment, and [P]laintiff
                 handed Von Felden a check for $100,000.

Id. ¶ 16. This MOU, according to Plaintiff, "was highly misleading [and] failed to adequately describe risk factors . . . ." Id. ¶ 18f.

Plaintiff further alleges the following:

> On February 21, 2008, when [P]laintiff inquired of [Eco-Fiber's] needs, Small stated to [P]laintiff that [Eco-Fiber] need[s] $200,000 to $250,000 to get the company through June 2008, at which time the Tyson Foods order 'would be kicking in.'

Id. ¶ 17. This Tyson Foods order, however, was, according to Plaintiff's allegations, entirely speculative. Id. ¶ 18d.

These factual allegations are more than sufficient to meet the pleading requirements of the PSLRA and of Federal Rule of Civil Procedure 9(b).

Defendants also assert that Plaintiff's factual allegations regarding the alleged violation are insufficient, as a matter of law, to establish scienter and falsity. "As set out in § 21D(b)(2) of the PSLRA, plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" Tellabs, 127 S. Ct. at 2504 (citing 15 U.S.C. § 78u-4(b)(2)). In the Ninth Circuit, "the required state of mind is one of deliberate or conscious recklessness." No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 931 (9th Cir. 2003). The Court in Tellabs defined a "strong inference" as the following:

7

> 　　　　　[T]o determine whether a complaint's scienter allegations can survive a threshold inspection for sufficiency, a court . . . must engage in a comparative evaluation: it must consider, not only inferences urged by the plaintiff . . ., but also competing inferences rationally drawn from the facts alleged. . . . To qualify as "strong" within the intendment of § 21D(b)(2), we hold, an inference of scienter must be more than merely plausible or reasonable--it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.

Id. at 2504-05.  Thus, a "complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  Id. at 2510.

　　　　As discussed above, the Court is satisfied that Plaintiff's Complaint presents the sufficiently particularized allegations of fact required for a Rule 10b-5 claim.  In short, Plaintiff has alleged that Defendants knew that the overall health and development of Eco-Fiber was not nearly as strong as they, in an effort to secure further funding, represented to him.  Accepting these factual allegations as true, Plaintiff has sufficiently pleaded violations of the Securities Exchange Act.

　　　　Under Tellabs, a court must look not only to the inference urged by the plaintiff but also to any other inferences a reasonable person could draw from the factual allegations.  See Tellabs, 127 S. Ct. at 2510 (stating that a "complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged").  Defendants

8

urge the Court to find some unnamed, undescribed, "equally compelling innocent inferences that may be drawn from the facts . . ." Mot. at 10. At this stage, the Court finds none.

Defendants also argue that because section 10(b) prohibits misrepresentations "in connection with the purchase or sale of any security," 15 U.S.C. § 78j, Plaintiff, in failing to allege an actual sale of securities, has failed to plead a section 10(b) violation. Defendants assert that because the MOU did not provide for the immediate issuance of stock, there was no sale nor purchase of stock, and therefore 15 U.S.C. § 78j is inapplicable. This argument, however, ignores the MOU, which states "Equity Ownership: 45% of Company Stock." Compl. Ex A. At the very least, this language appears to give Plaintiff the option to buy 45% of Eco-Fiber's stock and, as the United States Supreme Court has held, the term "security" under Rule 10b-5 covers not only the actual stock but also "the option to purchase that stock." Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc., 532 U.S. 588, 593 (2001). Defendants' argument is therefore without merit.

Defendants next argue that Plaintiff's claims against the Law Offices and against NVS should be dismissed because Plaintiff failed to allege "reliance upon any statement or omission or action" by the Law Offices or NVS. Mot. at 11. In Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc., 128 S. Ct. 761 (2008), the Supreme Court held that the implied right of action under section 10(b) of the PSLRA "does not extend to aiders and abettors." Id. at 769. Rather, "[t]he conduct of a secondary actor must satisfy each of the elements or preconditions for

9

liability." Id.

Regarding NVS, a company controlled by Von Felden, Plaintiff has alleged that NVS submitted a false purchase order to Eco-Fiber in the amount of $52,000. Compl. ¶ 23. This purchase order was allegedly used by Defendants to inflate the amount of orders Eco-Fiber actually had and to induce Plaintiff to invest more money. Id. As Plaintiff has alleged that NVS "engaged in a deceptive act within the reach of the § 10(b) private right of action," NVS is a properly named Defendant. Stoneridge Inv. Partners, 128 S. Ct. at 769.

The connection between Plaintiff's allegations and the Law Offices is less clear. Perhaps recognizing this, Plaintiff concedes that he cannot "maintain a separate judgment against Law Office of Steven P. Small if it has no legal identity apart from Defendant Small." Opp'n at 15. Plaintiff appears to also argue that the Law Offices were sued in the capacity of Steven Small doing business as the Law Offices of Steven P. Small. Opp'n at 15. Defendant Small seems to confirm this, as the Defendants' Motion states: "Steven Peter Small ("Small"), as an individual and erroneously sued as the Law Offices of Steven P. Small . . . ." Mot. at i.

Explaining the use of "doing business as," the California Court of Appeal has stated: "The designation of 'DBA' or 'doing business as' simply indicates [the defendant] operates under a fictitious business name." Pinkerton's, Inc. v. Super. Ct., 49 Cal. App. 4th 1342, 1348 (Ct. App. 1996). "Use of a fictitious business name does not create a separate legal entity." Id. As

10

explained by another federal district court, "[d]oing business under another name does not create an entity distinct from the person operating the business." Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D. Neb. 1977). "The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." Id.; see also Tr. of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner, 484 F. Supp. 2d 254, 258 (S.D.N.Y. 2007) (stating "[t]he designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business.") (internal quotation marks and alterations omitted).

Even if Plaintiff had named the Law Offices in the capacity as "doing business as," which Plaintiff failed to do, the Court can discern no reason why the Law Offices would need to be named if the individual Defendant Small is already named as a defendant.

More importantly, perhaps, Plaintiff has failed to allege any behavior by the Law Offices that would satisfy the pleading requirements under the PSLRA. Plaintiff merely alleges that many of the meetings between Plaintiff and Defendants Small and Von Felden occurred at the Law Offices. See, e.g., Compl. ¶¶ 16, 18, 23. Plaintiff has failed to allege that the conduct of the Law Offices satisfied any of the "elements or preconditions for [§ 10(b)] liability." Stoneridge Inv. Partners, 128 S. Ct. 769. For all of these reasons, the Court DISMISSES Defendant Law Offices of

11

Steven P. Small without prejudice.  Plaintiff may amend the Complaint within 30 days.

Defendants' remaining arguments in favor of dismissal are either without merit or require further factual development and are therefore premature.

## V. **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss with respect to Defendant the Law Offices of Steve P. Small is GRANTED without prejudice.  Plaintiff may amend within 30 days from the date of this Order.  Defendants' Motion is otherwise DENIED.[1]

IT IS SO ORDERED.

Dated: October 31, 2008

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's seek a finding by the Court that the present Motion constitutes a Rule 11 violation.  The Court declines to make such a finding.

12